IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**STERLING RAY**                                                                                            PLAINTIFF

v.                          Case No. 3:10-cv-93-DPM

**LARRY NORRIS, individually and in his
official capacity, ARKANSAS DEPARTMENT
OF CORRECTION, DAVID B. EBERHARD,**
Director of Arkansas Department of Community
Correction, individually and in his official capacity,
**ARKANSAS DEPARTMENT OF COMMUNITY
CORRECTION, CORRECTIONAL MEDICAL
SERVICES, INC., WENDY SPANOS, M.D.,** and
**JOHN DOES 1-3**                                                                                         DEFENDANTS

ORDER

Sterling Ray, a diabetic and former inmate at the Arkansas Department of Correction, sued the Defendants under 42 U.S.C.A. § 1983 (West 2003), the Arkansas Civil Rights Act, and the Arkansas Constitution for their alleged deliberate indifference to his diabetic condition and the medical care it required. Ray also asserted a medical-negligence claim under state law. He seeks compensatory and punitive damages.

While incarcerated, Ray developed further problems with a preexisting and infectious diabetic ulcer on his left foot. Ray's amended complaint—which he filed as part of his response to the State Defendants' Rule 12(c) motion for partial judgment on the pleadings—alleges numerous flaws in how he was treated medically and that he had lingering foot problems. The complaint also states that Ray had a below-the-knee amputation (after he was released from prison) because his maltreated left foot would not heal. Ray has sued some institutions, former Director Larry Norris, Director David Eberhard, and Dr. Wendy Spanos—all in their individual and official capacities. He also named John Does (whom Ray believes are current or former employees of Correctional Medical Services) in their individual and official capacities.

The State Defendants—former Director Norris, Eberhard, the Arkansas Department of Correction, and the Arkansas Department of Community Correction—moved for a partial judgment on the pleadings. They argued that Ray's individual and official-capacity claims for money damages and injunctive relief fail as a matter of law. Ray amended his original complaint after the motion was filed; and he has responded to the State Defendants'

motion. The State Defendants seek judgment on the amended complaint's federal claims and dismissal without prejudice of the state claims.

I.

The Court grants the State Defendants' motion in part and denies it in part. Ray's section 1983 claims against the Arkansas Department of Correction and the Arkansas Department of Community Correction are dismissed. Ray's amended complaint acknowledges that these are State entities, *Document No. 19, at 2*, and no section 1983 claim may be brought against the State of Arkansas. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Brown v. Missouri Dep't of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004) (*per curiam*). Ray's official-capacity claims against Norris and Eberhard seeking money damages are dismissed because they are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 66 & 71. Ray conceded this point in his response to the State Defendants' motion. *Document No. 21, at 2*.

Ray did not, however, agree that he was barred from seeking injunctive relief against two of the State Defendants in their individual and official capacities. "[A]lthough Defendants Norris and Eberhard may not be

responsible for money damages . . . they are certainly subject to an equitable decree that treatment be furnished where needed." *Ibid.* Though Ray's injunctive relief request may well be moot given his release from custody, the Court will liberally construe the request for injunctive relief as it relates to all the State Defendants. State officials, but not State institutions, may be sued for prospective injunctive relief under section 1983. *Will*, 491 U.S. at 71 n.10; *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

## II.

To successfully defend against the State Defendants' motion, Ray must state a factually plausible case against them. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–52 (2009). Taking his amended complaint as true, and allowing Ray all reasonable inferences arising from it, he has done so.

Supervisory officials such as Norris (as former Director of Arkansas Department of Correction) and Eberhard (as Director of Department of Community Corrections) are not liable on a *respondeat superior* theory under 42 U.S.C.A. § 1983 unless they engaged in the unlawful conduct or

tacitly authorized it.* *Choate v. Lockart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Ray does not allege that Norris or Eberhard personally failed to take care of Ray's diabetes and foot. But he has pleaded a plausible tacit-authorization claim.

In paragraph 19 of his amended complaint, Ray alleges:

> Norris and Eberhard were aware of the problems and issues with [Correctional Medical Services] and the lack of proper and sufficient medical care and treatment provided to inmates in each of their respective departments and specifically were aware, through the filing of grievances by [Ray] of his medical problem and serious medical need yet deliberately disregarded said need.

This paragraph begins with a general-awareness-of-problems allegation. That allegation is insufficient as a matter of law. *Iqbal*, 129 S. Ct. at 1949–52. But the paragraph closes with specifics: Norris and Eberhard knew, Ray pleads, about his medical problems and needs through his grievances but deliberately did nothing to address them. That allegation states a claim for relief under the precedent. *Langford v. Norris*, 2010 WL 2813551, *10–*11 (8th Cir. 20 July 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Ray

---

*One of the parties should move the Court to substitute the current Director of the Arkansas Department of Correction for former Director Norris.

5

has said enough at this point to have discovery on his tacit-authorization claim. Whatever the facts turn out to be, he has pleaded a plausible claim. Whether Ray can climb the high hill of deliberate indifference, *Choate*, 7 F.3d at 1374–75, is a question for another day.

### III.

Ray's state-law claim needs to be addressed too. Ray alleged that one or more of the State Defendants violated his rights under the Arkansas Civil Rights Act, Article 2 of the Arkansas Constitution, and committed medical malpractice "by refusing to provide [Ray] proper care and treatment." *Document No. 19, at 8–9*. The State Defendants did not seek judgment on these claims; instead, they asked the Court to decline exercising supplemental jurisdiction over these claims, citing the general preference that federal courts let state courts handle state-law claims when no federal questions remain. *See* 28 U.S.C.A. § 1367(c) (West 2006).

Having considered the statutory factors that inform its discretion, the Court concludes that judicial economy and the parties' interests are best served if the Court hears Ray's state-law claims against Norris, Eberhard, Arkansas Department of Correction, and Arkansas Department of

Community. First, some federal claims against the State Defendants remain. Second, even if that were not so, the State Defendants essentially ask the Court to divide a related case. They want the Court to send Ray's state-law claims to state court but keep the federal deliberate-indifference claims against Defendants Dr. Spanos and Correctional Medical Services — including three of that company's (unnamed) employees. Given that federal questions remain and that Ray's state-law claims against the State Defendants arise out of the same set of facts as the federal claims, the Court will exercise supplemental jurisdiction over Ray's state-law claims.

* * *

The State Defendants' motion for partial judgment on the pleadings, *Document No. 13*, is granted in part and denied in part. (An addendum to this order illustrates the Court's ruling.) The Court dismisses Ray's official-capacity claims under 42 U.S.C.A. § 1983 for money damages against all State Defendants with prejudice. The section 1983 official-capacity claim against Norris seeking injunctive relief is moot given Norris's recent retirement as Director of the Arkansas Department of Correction; but that claim may proceed against Norris's successor upon a proper substitution. The section

1983 individual-capacity claim for injunctive relief against Norris is dismissed as moot.

The section 1983 official-capacity claim against Eberhard seeking injunctive relief may go forward. The section 1983 individual-capacity claims seeking money damages against Norris and Eberhard may go forward. The section 1983 claims against the Arkansas Department of Correction and the Arkansas Department of Community Corrections are dismissed with prejudice. The Court retains jurisdiction over the state-law claims Ray filed under the Arkansas Civil Rights Act, the Arkansas Constitution, and the Arkansas Medical Malpractice Act against the State Defendants.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

27 Sept. 2010

Addendum

| Director Larry Norris | Director David Eberhard | Arkansas Department of Correction | Arkansas Department of Community Correction |
|---|---|---|---|
| *Official Capacity*<br><br>Section 1983 claim for injunctive relief is likely moot, but the claim may proceed against Norris's successor | *Official Capacity*<br><br>Section 1983 claim for injunctive relief may proceed | Section 1983 claim for injunctive relief is dismissed with prejudice | Section 1983 claim for injunctive relief is dismissed with prejudice |
| *Official Capacity*<br><br>Section 1983 claim for money damages is dismissed with prejudice | *Official Capacity*<br><br>Section 1983 claim for money damages is dismissed with prejudice | Section 1983 claim for money damages is dismissed with prejudice | Section 1983 claim for money damages is dismissed with prejudice |
| *Individual Capacity*<br><br>Section 1983 claim for money damages may proceed | *Individual Capacity*<br><br>Section 1983 claim for money damages may proceed | | |
| *Individual Capacity*<br><br>Section 1983 claim for injunctive relief is moot | *Individual Capacity*<br><br>Section 1983 claim for injunctive relief may proceed | | |